MARCH, HURWITZ & DeMARCO, P.C.
BY:  JOSEPH M. DeMARCO, ESQUIRE
ATTORNEY I.D. NO. 44061
17 WEST THIRD STREET
P.O. BOX 108
MEDIA, PENNSYLVANIA  19063
(610) 565-3950

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. STOUT, III, and | : | |
| MANAGEMENT REVENUE GROUP, LLC, | : | NO. 2:10-cv-05430-JF |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| GEORGE E. WEAVER, HOLLY WEAVER, | : | |
| RONALD DiFRANCO, GHRW, LLC, and | : | |
| MOUNTAIN COMMUNICATION SYSTEMS, LLC, | : | **ANSWER WITH AFFIRMATIVE** |
| Defendants | : | **DEFENSES AND CROSSCLAIMS OF** |
| | : | **DEFENDANTS GEORGE E. WEAVER,** |
| | : | **HOLLY WEAVER AND MOUNTAIN** |
| | : | **COMMUNICATION SYSTEMS, LLC** |

## DESIGNATION OF TRIAL COUNSEL

I, Joseph M. DeMarco, Esquire, am hereby designated as trial counsel for the Defendants, George

E. Weaver, Holly Weaver and Mountain Communication Systems, LLC in the above matter.

MARCH, HURWITZ & DeMARCO, P.C.

BY:  /s/  Joseph M. DeMarco
JOSEPH M. DeMARCO, ESQUIRE
Attorney for Defendants George E. Weaver, Holly Weaver and
Mountain Communication Systems, LLC

MARCH, HURWITZ & DeMARCO, P.C.
BY: JOSEPH M. DeMARCO, ESQUIRE
ATTORNEY I.D. NO. 44061
17 WEST THIRD STREET
P.O. BOX 108
MEDIA, PENNSYLVANIA 19063
(610) 565-3950

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHARLES W. STOUT, III, and                     :
MANAGEMENT REVENUE GROUP, LLC,                 :    NO. 2:10-cv-05430-JF
      Plaintiff                           :
                                               :
v.                                             :
                                               :    JURY TRIAL DEMANDED
GEORGE E. WEAVER, HOLLY WEAVER,                 :
RONALD DiFRANCO, GHRW, LLC, and                :
MOUNTAIN COMMUNICATION SYSTEMS, LLC,           :
      Defendants                          :

## ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS OF DEFENDANTS GEORGE E. WEAVER, HOLLY WEAVER AND MOUNTAIN COMMUNICATION SYSTEMS, LLC

1.     Denied. After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

2.     Denied. After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

3.     Denied. After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

4.     Admitted.

5.     Admitted.

6.      Denied.  It is admitted that Mr. DiFranco is an adult individual.  Mr. DiFranco resides at 955 B North Main Street, Mars Hill, North Carolina at present.

7.      Admitted.

8.      Denied as stated.  Answering Defendants are uncertain as to what is meant by "members".  It is admitted that GHRW has no employees or shareholders other than Mr. and Mrs. Weaver.

9.      Admitted.

10.      Denied as stated.  Answering Defendants are uncertain as to what is meant by the term "members".  It is admitted that Mr. and Mrs. Weaver are the only managers of Mountain Communication Systems.

11.      Denied.  The averments in this paragraph are conclusions of law to which no response is required.

12.      Denied.  The averments in this paragraph are conclusions of law to which no response is required.

13.      Denied.  The averments in this paragraph are conclusions of law to which no response is required.

14.      Denied.  The averments in this paragraph are conclusions of law to which no response is required.

15.      Denied.  The averments in this paragraph are conclusions of law to which no response is required.

16.      Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this

paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

17.     Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

18.     Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

19.     Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

20.     Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

21.     Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

22.     Denied.  It is specifically denied that there was any conspiracy to steal MRG's business with TZAM from Mr. Stout and/or MRG.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.  Additionally, with respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  Strict proof, if relevant, is demanded at trial.

23.     Denied.  It is specifically denied that there was any conspiracy.  It is admitted that a limited liability company in Pennsylvania named Management Revenue Group, LLC was in fact formed.

24.     Denied.  Certain averments contained in this paragraph are denied as conclusions of law.  It is denied that MRG formed by Defendant George Weaver was a "sham".  It is denied that it was formed to "steal" any business.  Answering Defendants also deny the characterization of the two corporations as "sham" and/or "real".

25.     Denied as stated.  It is admitted that on or about October 1, 2010, a letter was sent from George E. Weaver to Management Revenue Group.  It is admitted that the reference line of the letter indicates "cease and desist demand".  It is admitted that the letter was faxed to Mr. Stout from a fax machine in the offices of MCS.  It is denied that the statements in the letter were false, fraudulent or malicious.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  Strict proof, if relevant, is demanded at trial.

26.     Denied as stated.  It is admitted that the Plaintiff has pulled a sentence out of the letter of October 1, 2010.  The document however is a writing which speaks for itself.

27.     Denied.  The averments contained in paragraph 27 are conclusions of law to which no response is required.

28.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

29.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

30.     Denied.  Certain averments contained in paragraph 30 are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.

31.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

32.     Denied.  Answering Defendants object to the characterization of the MRG that Mr. Weaver formed as a "sham".  It is admitted that the name of the company which Mr. Stout had previously formed, and which was no longer validly existing corporation as of the date Mr. Weaver formed MRG, was also known as Management Revenue Group, LLC.  It is denied that the company was formed as part of a conspiracy to steal MRG's business pursuant to the TZAM

Agreements.  By way of further response, certain averments in this paragraph are conclusions of law to which no response is required.  Finally, it is denied that Mountain Communication Systems has any relationship to the formation of the identified corporation and/or any other aspect of the allegations in this paragraph.

33.    Denied as stated.  It is admitted that the Plaintiffs have pulled and edited certain portions of the referenced correspondence.  The document is a writing which speaks for itself.

34.    Denied.  It is admitted that the Plaintiffs have pulled and edited certain portions of the referenced contract.  The document is a writing which speaks for itself.  Any attempted characterization of the same is denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  Finally, it is specifically denied that Defendants Holly Weaver and/or Mountain Communication Systems have any relationship to Plaintiff's claims.

35.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  By way of further response, it is specifically denied that any contracts were entered into by Holly Weaver and/or Mountain Communication Systems.  Furthermore, while it is admitted that Mr. Weaver's signature is on a contract, he signed on behalf of GHRW, LLC a fully disclosed principal.

36.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or

deny the veracity of the same.  By way of further response, Answering Defendants dispute the characterization of the MRG as "sham" and "real".

37.    Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

38.    Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

39.    Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself.  By way of further response certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

40.    Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself. By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

41.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or

deny the veracity of the same.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

42.     Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

43.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

44.     Denied as stated.  It is admitted that the Plaintiffs have pulled a portion of the identified letter and placed it in this paragraph.  The October 1, 2010 letter is a written item that speaks for itself.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

45.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  By way of further response, an October 1, 2010 letter was not produced by Holly Weaver and/or Mountain Communication Systems nor was it signed by them.

46.     Denied as stated.  It is admitted that the identified letter was sent to TZAM. However they were contacted and told to disregard the same.  Additionally, the letter was not sent by Mountain Communication Systems.

47.     Denied.  It is specifically denied that the identified letter was ever sent to MRG's Independent Contractors.

48.     Denied.  It is specifically denied that the Answering Defendants sent a copy of October 1, 2010 letter to Tom Corbett, the Attorney General of Pennsylvania.

49.     Denied.  It is specifically denied that the identified letter was ever posted on the website.

50.     Denied.   It is specifically denied that Holly Weaver and/or Mountain Communication Systems ever made any telephone conference calls with MRG's sales force.  It is admitted that George Weaver participated in two telephone conferences with various independent contractors.  It is specifically denied that during those conversations Mr. Weaver ever represented that Mr. Stout "was a fraud and a liar".  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and State law".  It is specifically denied that Mr. Weaver ever indicated that "the Independent Contractors should breach their contracts with MRG, stop working for MRG and start working for the defendants instead".  It is admitted that during the course of these telephone conferences Mr. Weaver identified to the Independent Contractors the information he had obtained from a review of public record documents from the Secretary of State of Nevada, Delaware and Pennsylvania.  By way of further response, certain allegations contained in this paragraph constitute conclusions of law to which no response is required.

51.     Denied.   After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

52.     Denied.  It is specifically denied that Defendants Holly Weaver and/or Mountain Communication Systems ever conducted a telephone conference with TZAM executives.  It is admitted that Ed Weaver has spoken on the phone with various TZAM executives.  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead.

53.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  It is specifically denied that to the extent any contracts were not renewed, it has any causal relationship to any statements made to TZAM by George Weaver.  It is denied that Mountain Communication Systems or Holly Weaver have ever made any statements to TZAM about Plaintiffs.  With respect to any remaining factual averments in this paragraph, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  Strict proof, if relevant, is demanded at trial.  By way of further response, upon information and belief TZAM has renewed its contract with MRG.

## **FIRST CAUSE OF ACTION**
### **(Fraud)**

54.     Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 53 of their Answer with Affirmative Defenses and Crossclaims.

55.     Denied.  It is specifically denied that any of the Answering Defendants made any statements to the Attorney General of the Commonwealth of Pennsylvania and/or the public at large.  It is denied that Holly Weaver or Mountain Communication Systems have any

relationship to the "Cease and Desist Letter" of October 1, 2010.  It is admitted that George

Weaver was involved in the drafting and sending of the "Cease and Desist Letter" of October 1,

2010 to Mr. Stout.  It is denied that Defendants Holly Weaver or Mountain Communication

Systems made any representations of fact or misrepresentations of fact to the Plaintiffs, to

TZAM or to MRG's Independent Contractors.  It is denied that Mr. Weaver ever made any

misrepresentations of fact to the Plaintiffs, TZAM, or MRG's Independent Contractors.

56.     Denied.  It is specifically denied that any of the representations allegedly made in

paragraph 55 are untrue.

57.     Denied.  The averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that any

representations of fact were ever made by any of the Answering Defendants which were known

to be untrue at the time they were made.

58.     Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that

Defendants Holly Weaver or Mountain Communication Systems made any representations or

misrepresentations of fact to TZAM, to MRG's Independent Contractors, to the Attorney

General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically

denied that Defendant George Weaver made any representations to the Attorney General of the

Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver

ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent

Contractors in order to deceive them and/or in order to induce them to act upon them.

59.     Denied.   After reasonable investigation, Answering Defendants are without

information  sufficient  with  which  to  admit  or  deny  the  veracity  of  the  averments  in  this

paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

60.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

61.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

62.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.  It is denied that any fraudulent acts have been committed.

## SECOND CAUSE OF ACTION
### (Fraud)

63.    Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 62 of their Answer with Affirmative Defenses and Crossclaims.

64.     Denied.  It is specifically denied that any of the Answering Defendants made any statements to the Attorney General of the Commonwealth of Pennsylvania and/or the public at large.  It is denied that Holly Weaver or Mountain Communication Systems have any relationship to the "Cease and Desist Letter" of October 1, 2010.  It is admitted that George Weaver was involved in the drafting and sending of the "Cease and Desist Letter" of October 1, 2010 to Mr. Stout.  It is denied that Defendants Holly Weaver or Mountain Communication Systems made any representations or misrepresentations of fact to the Plaintiffs, to TZAM or to MRG's Independent Contractors.  It is denied that Mr. Weaver ever made any misrepresentations of fact to the Plaintiffs, TZAM, or MRG's Independent Contractors.

65.     Denied.  It is specifically denied that any of the representations allegedly made in paragraph 64 are untrue.

66.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that any representations of fact were ever made by any of the Answering Defendants which were known to be untrue at the time they were made.

67.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that Defendants Holly Weaver or Mountain Communication Systems made any representations or misrepresentations of fact to TZAM, to MRG's Independent Contractors, to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver

ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

68.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

69.     Denied.  It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

70.     Denied.  It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

71.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.  It is denied that any fraudulent acts have been committed.

## THIRD CAUSE OF ACTION
### (Fraud)

72.     Denied.  Answering Defendants incorporate herein by reference as though fully

set forth at length the averments contained in paragraphs 1 through 71 of their Answer with

Affirmative Defenses and Crossclaims.

73.     Denied.  It is specifically denied that any of the Answering Defendants made any

statements to the Attorney General of the Commonwealth of Pennsylvania and/or the public at

large.  It is denied that Holly Weaver or Mountain Communication Systems have any

relationship to the "Cease and Desist Letter" of October 1, 2010.  It is admitted that George

Weaver was involved in the drafting and sending of the "Cease and Desist Letter" of October 1,

2010 to Mr. Stout.  It is denied that Defendants Holly Weaver or Mountain Communication

Systems made any representations or misrepresentations of fact to the Plaintiffs, to TZAM or to

MRG's Independent Contractors.  It is denied that Mr. Weaver ever made any misrepresentations

of fact to the Plaintiffs, TZAM, or MRG's Independent Contractors.

74.     Denied.  It is specifically denied that any of the representations allegedly made in

paragraph 73 are untrue.

75.     Denied.  The averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that any

representations of fact were ever made by any of the Answering Defendants which were known

to be untrue at the time they were made.

76.     Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that

Defendants Holly Weaver or Mountain Communication Systems made any representations or

misrepresentations of fact to TZAM, to MRG's Independent Contractors, to the Attorney

General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

77.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

78.     Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

79.     Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

80.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there

are any improper activities of an ongoing nature.  It is denied that any fraudulent acts have been

committed.

## FOURTH CAUSE OF ACTION
### (Defamation)

81.     Denied.  Answering Defendants incorporate herein by reference as though fully

set forth at length the averments contained in paragraphs 1 through 80 of their Answer with

Affirmative Defenses and Crossclaims.

82.     Denied.  It is specifically denied that Holly Weaver and/or Mountain

Communication Systems ever made any statements to TZAM, to MRG's Independent

Contractors, to the Attorney General of Pennsylvania and/or to the public at large.  It is denied

that Mountain Communication Systems had any involvement in any aspect of the allegations of

this paragraph.  It is admitted that Ed Weaver prepared the October 1, 2010 letter, the contents of

which speak for itself.  It is denied that this letter was ever sent to MRG's Independent

Contractors or to the Attorney General of the Commonwealth of Pennsylvania.  The letter was

initially sent to TZAM, however a follow up phone call indicated to TZAM that they were to

disregard the letter.  Certain averments in this paragraph are conclusions of law to which no

response is required.  To the extent there are any remaining factual allegations in this paragraph,

after reasonable investigation, Answering Defendants are without information sufficient with

which to admit or deny the veracity of the same.  Strict proof, if relevant, is demanded at trial.

83.     Denied.  It is specifically denied that any of the representations allegedly made in

paragraph 82 are untrue.

84.     Denied.  The averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that any

representations of fact were ever made by any of the Answering Defendants which were known to be untrue at the time they were made.

85.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that Defendants Holly Weaver or Mountain Communication Systems made any representations or misrepresentations of fact to TZAM, to MRG's Independent Contractors, to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

86.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

87.     Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

88.     Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this

paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

89.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.  It is denied that any defamatory statements were made.

## FIFTH CAUSE OF ACTION
### (Defamation)

90.  Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 89 of their Answer with Affirmative Defenses and Crossclaims.

91.    Denied.  It is specifically denied that Holly Weaver and/or Mountain Communication Systems ever made any telephone conference calls with MRG's sales force.  It is admitted that George Weaver participated in two telephone conferences with various independent contractors.  It is specifically denied that during those conversations Mr. Weaver ever represented that Mr. Stout "was a fraud and a liar".  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and State law".  It is specifically denied that Mr. Weaver ever indicated that "the Independent Contractors should breach their contracts with MRG, stop working for MRG and start working for the defendants instead".  It is admitted that during the course of these telephone conferences Mr. Weaver identified to the Independent Contractors the information he had obtained from a review of public record documents from the Secretary of State of Nevada, Delaware and

Pennsylvania.  By way of further response, certain information contained in this paragraph constitute conclusions of law to which no response is required.

92.     Denied.  It is specifically denied that any of the representations allegedly made in paragraph 91 are untrue.

93.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that any representations of fact were ever made by any of the Answering Defendants which were known to be untrue at the time they were made.

94.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that Defendants Holly Weaver or Mountain Communication Systems made any representations of fact to TZAM, to MRG's Independent Contractors, to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

95.     Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

96.     Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this

paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

97.     Denied.  It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

98.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.  It is denied that any defamatory statements were made.

### SIXTH CAUSE OF ACTION
#### (Defamation)

99.     Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 98 of their Answer with Affirmative Defenses and Crossclaims.

100.     Denied.  It is specifically denied that Defendants Holly Weaver and/or Mountain Communication Systems ever conducted a telephone conference with TZAM executives.  It is admitted that Ed Weaver has spoken on the phone with various TZAM executives.  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should

breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead.

101.    Denied.  It is specifically denied that any of the representations allegedly made in paragraph 100 are untrue.

102.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that any representations of fact were ever made by any of the Answering Defendants which were known to be untrue at the time they were made.

103.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that Defendants Holly Weaver or Mountain Communication Systems made any representations or misrepresentations of fact to TZAM, to MRG's Independent Contractors, to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

104.    Denied.  It is specifically denied that any of the Defendants made any representations of fact that were untrue.

105.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that any representations of fact were ever made by any of the Answering Defendants which were known to be untrue at the time they were made.

106.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that Defendants Holly Weaver or Mountain Communication Systems made any representations of fact to TZAM, to MRG's Independent Contractors, to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is specifically denied that Defendant George Weaver made any representations to the Attorney General of the Commonwealth of Pennsylvania and/or to the public at large.  It is denied that George Weaver ever made any representations of fact to the Plaintiffs, to TZAM, to the MRG's Independent Contractors in order to deceive them and/or in order to induce them to act upon them.

107.    Denied.  After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

108.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

109.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without

information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

110.    Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature. It is denied that any defamatory statements were made.

**SEVENTH CAUSE OF ACTION**
**(Civil Conspiracy)**

111.    Denied. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 110 of their Answer with Affirmative Defenses and Crossclaims.

112.    Denied. It is specifically denied that the Defendants agreed between and among themselves to conspire or scheme, to engage in illegal or unlawful acts, or to engage in lawful or legal acts by unlawful or illegal means or have taken at least one act in furtherance of any such conspiracy or scheme. By way of further response, the averments in this paragraph are conclusions of law to which no response is required.

113.    Denied. After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial. By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

114.    Denied. It is denied that the Plaintiffs are entitled to any damages from Answering Defendants. By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required. With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without

information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

115.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

116.    Denied.   The averments contained in this paragraph are conclusions of law to which no response is required.   To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any illegal acts have been committed.

### EIGHTH CAUSE OF ACTION
**(Breach of Contract)**

### NINTH CAUSE OF ACTION
**(Breach of Contract)**

117-148. Denied.  The averments contained in these paragraphs are addressed to Defendants other than the Answering Defendants.  As such, Answering Defendants believe that they have no obligation to respond to the same.  To the extent responses to these paragraphs are required, Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained elsewhere in their Answer with Affirmative Defenses and Crossclaims.

## TENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

149.    Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 148 of their Answer with Affirmative Defenses and Crossclaims.

150.    Denied.  It is specifically denied that Defendants Holly Weaver and/or Mountain Communication Systems ever conducted a telephone conference with TZAM executives.  It is admitted that Ed Weaver has spoken on the phone with various TZAM executives.  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead."

151.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 150 with reference to allegations regarding them having made "statements".

152.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 150 with reference to allegations regarding them having made "statements".

153.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

154.   Denied.  It is specifically denied that any of the Answering Defendants tortuously interfered with any MRG contract with TZAM.  By way of further response, the averments in this paragraph are conclusions of law to which no response is required.

155.   Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

156.   Denied.   The averments contained in this paragraph are conclusions of law to which no response is required.   By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

157.   Denied.   The averments contained in this paragraph are conclusions of law to which no response is required.   By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

158.   Denied.   The averments contained in this paragraph are conclusions of law to which no response is required.   To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any tortious interference occurred.

## ELEVENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

159.   Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 158 of its Answer with Affirmative Defenses and Crossclaims.

160.   Denied.  It is specifically denied that Holly Weaver and/or Mountain Communication Systems ever made any telephone conference calls with MRG's sales force.  It is admitted that George Weaver participated in two telephone conferences with various

independent contractors.  It is specifically denied that during those conversations Mr. Weaver

ever represented that Mr. Stout "was a fraud and a liar".  It is specifically denied that Mr.

Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and

State law".  It is specifically denied that Mr. Weaver ever indicated that "the Independent

Contractors should breach their contracts with MRG, stop working for MRG and start working

for the defendants instead".  It is admitted that during the course of these telephone conferences

Mr. Weaver identified to the Independent Contractors the information he had obtained from a

review of public record documents from the Secretary of State of Nevada, Delaware and

Pennsylvania.  By way of further response, certain information contained in this paragraph

constitute conclusions of law to which no response is required.

161.    Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  Answering Defendants incorporate herein by reference as though

fully set forth at length the averments contained in paragraph 160 with reference to allegations

regarding them having made "statements".

162.    Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  Answering Defendants incorporate herein by reference as though

fully set forth at length the averments contained in paragraph 160 with reference to allegations

regarding them having made "statements".

163.    Denied.  The averments contained in this paragraph are conclusions of law to

which no response is required.  By way of further response, it is specifically denied that the

Defendants' actions were wrongful, tortious and/or unjustified.

164.    Denied.  It is specifically denied that any of the Answering Defendants tortuously

interfered with MRG's Independent Contractor Agreements with the sales force.  By way of

further response, the averments in this paragraph are conclusions of law to which no response is required.

165.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

166.    Denied.    It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.    By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

167.    Denied.    It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.    By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

168.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.  It is denied that any tortious acts have been committed.

## TWELFTH CAUSE OF ACTION
### (Tortious Interference with Business Relations)

169.     Denied.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 168 of its Answer with Affirmative Defenses and Crossclaims.

170.     Denied.  It is specifically denied that Defendants Holly Weaver and/or Mountain Communication Systems ever conducted a telephone conference with TZAM executives.  It is admitted that Ed Weaver has spoken on the phone with various TZAM executives.  It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead.

171.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 170 with reference to allegations regarding them having made "statements".

172.     Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 170 with reference to allegations regarding them having made "statements".

173.     Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

174.    Denied.  It is specifically denied that any of the Answering Defendants tortuously interfered with MRG's Independent Contractor Agreements with the sales force.  By way of further response, the averments in this paragraph are conclusions of law to which no response is required.

175.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

176.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

177.    Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.

178.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any tortious interference occurred.

## THIRTEENTH CAUSE OF ACTION
### (Tortious Interference with Business Relations)

179.    Denied.  Answering Defendants incorporate herein by reference as though fully

set forth at length the averments contained in paragraphs 1 through 178 of its Answer with

Affirmative Defenses and Crossclaims.

180.    Denied.  It is specifically denied that Holly Weaver and/or Mountain

Communication Systems ever made any telephone conference calls with MRG's sales force.  It

is admitted that George Weaver participated in two telephone conferences with various

independent contractors.  It is specifically denied that during those conversations Mr. Weaver

ever represented that Mr. Stout "was a fraud and a liar".  It is specifically denied that Mr.

Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and

State law".  It is specifically denied that Mr. Weaver ever indicated that "the Independent

Contractors should breach their contracts with MRG, stop working for MRG and start working

for the defendants instead".  It is admitted that during the course of these telephone conferences

Mr. Weaver identified to the Independent Contractors the information he had obtained from a

review of public record documents from the Secretary of State of Nevada, Delaware and

Pennsylvania.  By way of further response, certain information contained in this paragraph

constitute conclusions of law to which no response is required.

181.    Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  Answering Defendants incorporate herein by reference as though

fully set forth at length the averments contained in paragraph 180 with reference to allegations

regarding them having made "statements".

182.    Denied.  Certain averments contained in this paragraph are conclusions of law to

which no response is required.  Answering Defendants incorporate herein by reference as though

fully set forth at length the averments contained in paragraph 180 with reference to allegations regarding them having made "statements".

183.    Denied.  The averments contained in this paragraph are conclusions of law to which no response is required.  By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

184.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is denied that the Answering Defendants' actions were intentional or motivated by malice.

185.    Denied.  Certain averments contained in this paragraph are conclusions of law to which no response is required.  To the extent deemed factual, it is denied that the Answering Defendants' tortuously interfered with business relationships between Plaintiffs and independent contractors.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same.  Strict proof, if relevant, is demanded at trial.

186.    Denied.    After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph.  Strict proof, if relevant, is demanded at trial.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

187.    Denied.    It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.  By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.  With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without

information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

188.     Denied.    It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

189.     Denied.   The averments contained in this paragraph are conclusions of law to which no response is required.   To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any tortious interference occurred.

WHEREFORE, the Answering Defendants pray that the claims of the Plaintiffs be dismissed and that an award be entered in favor of the Defendants together with attorney's fees and costs.

## AFFIRMATIVE DEFENSES

Defendants George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC hereby incorporates by reference the preceding paragraphs as if set forth fully at length herein.

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiffs' claims are barred by the Doctrine of Laches.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' claims against George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC are barred by Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are precluded by failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims are precluded by waiver.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs' claims are barred by the Statute of Frauds.

### NINTH AFFIRMATIVE DEFENSE

9.     The alleged damages to Plaintiffs, if true, were caused solely by third parties not under the control of George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC.

### TENTH AFFIRMATIVE DEFENSE

10.     The alleged damages to Plaintiffs, if true, were not caused by any action or inaction of George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC.

## ELEVENTH AFFIRMATIVE DEFENSE

11.   Plaintiffs' claims against George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC are precluded based upon the lack of contractual privity between the parties.

## TWELFTH AFFIRMATIVE DEFENSE

12.   Plaintiffs' claims may be barred or limited by the terms and conditions of a Contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiffs' claims may be bared or limited by its own fraudulent conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   Mountain Communication Systems, LLC has no relationship to any of the allegations on liability producing conduct made in Plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiffs' claims may be barred by the Doctrine of Unclean Hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   Plaintiffs' claims may be barred by Fraud Ab Initio.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC reserves the right to amend this Answer and to assert any and all other affirmative defenses that are available to it at this time or in the future.

**CROSSCLAIMS OF GEORGE E. WEAVER,
HOLLY WEAVER AND MOUNTAIN COMMUNICATION
SYSTEMS, LLC AGAINST CO-DEFENDANTS
RONALD DiFRANCO AND GHRW, LLC**

Defendants/Crossclaimants, George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC, by way of Crossclaim against Co-Defendants, Ronald DiFranco and GHRW, LLC (collectively the "Co-Defendants"), does hereby say:

**COUNT ONE**
**(Indemnification and/or Contribution)**

1.      George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC hereby incorporate by reference the preceding paragraphs as if set forth fully at length herein.

2.      To the extent that George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC are found liable to the Plaintiffs, said liability being expressly denied, George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC asserts that Co-Defendants are solely liable on the Plaintiffs' claims.

3.      To the extent that George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC are found liable to Plaintiffs, said liability being expressly denied, George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC asserts that Co-Defendants are liable over to George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC on the Plaintiffs' claims, based upon the theories of indemnification and/or contribution.

4.      To the extent that George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC are found liable to the Plaintiffs, said liability being expressly denied, George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC asserts

that Co-Defendants are jointly and/or severally liable on Plaintiffs' claims, based upon the theories of indemnification and/or contribution.

WHEREFORE, Answering Defendants George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC respectfully requests this Honorable Court enter Judgment in its favor and against Co-Defendants, together with interest, penalties, attorney's fees, costs, and all other relief that the Court deems just and reasonable.

MARCH, HURWITZ & DeMARCO, P.C.

BY:   /s/  Joseph M. DeMarco
        JOSEPH M. DeMARCO, ESQUIRE
        Attorney for Defendants George E. Weaver, Holly Weaver and
        Mountain Communication Systems, LLC

MARCH, HURWITZ & DeMARCO, P.C.
BY:  JOSEPH M. DeMARCO, ESQUIRE
ATTORNEY I.D. NO. 44061
17 WEST THIRD STREET
P.O. BOX 108
MEDIA, PENNSYLVANIA  19063
(610) 565-3950

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. STOUT, III, and | : | |
| MANAGEMENT REVENUE GROUP, LLC, | : | NO. 2:10-cv-05430-JF |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| GEORGE E. WEAVER, HOLLY WEAVER, | : | |
| RONALD DiFRANCO, GHRW, LLC, and | : | |
| MOUNTAIN COMMUNICATION SYSTEMS, LLC, | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, JOSEPH M. DeMARCO, ESQUIRE, do hereby certify that on July 22, 2011, I served a true and correct copy of the attached Answer with Affirmative Defenses and Crossclaims of Defendants George E. Weaver, Holly Weaver and Mountain Communication Systems, LLC to the below-named party via deposit in a sealed envelope into First Class Mail.

Alexander Geiger, Esquire
Geiger and Rothenberg, LLP
920 N. Broad Street, Suite 8
Lansdale, PA  19446

MARCH, HURWITZ & DeMARCO, P.C.

BY:   /s/  Joseph M. DeMarco
JOSEPH M. DeMARCO, ESQUIRE
Attorney for Defendants George E. Weaver, Holly Weaver and
Mountain Communication Systems, LLC