## TENTH CAUSE OF ACTION
(Tortious Interference with Contract)

149. Denied. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 148 of their Answer with Affirmative Defenses and Crossclaims.

150. Denied. It is specifically denied that Defendants Holly Weaver ever conducted a telephone conference with TZAM executives. It is admitted that Ed Weaver has spoken on the phone with various TZAM executives. It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead."

151. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 150 with reference to allegations regarding them having made "statements".

152. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 150 with reference to allegations regarding them having made "statements".

153. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

154. Denied. It is specifically denied that any of the Answering Defendants tortuously interfered with any MRG contract with TZAM. By way of further response, the averments in this paragraph are conclusions of law to which no response is required.

155. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

156. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

157. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

158. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature. It is denied that any tortious interference occurred.

### ELEVENTH CAUSE OF ACTION
(Tortious Interference with Contract)

159. Denied. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 158 of its Answer with Affirmative Defenses and Crossclaims.

160. Denied. It is specifically denied that Holly Weaver ever made any telephone conference calls with MRG's sales force. It is admitted that George Weaver participated in two telephone conferences with various independent contractors. It is specifically denied that during those conversations Mr. Weaver ever represented that Mr. Stout "was a fraud and a liar". It is

specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and State law". It is specifically denied that Mr. Weaver ever indicated that "the Independent Contractors should breach their contracts with MRG, stop working for MRG and start working for the defendants instead". It is admitted that during the course of these telephone conferences Mr. Weaver identified to the Independent Contractors the information he had obtained from a review of public record documents from the Secretary of State of Nevada, Delaware and Pennsylvania. By way of further response, certain information contained in this paragraph constitute conclusions of law to which no response is required.

161.   Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 160 with reference to allegations regarding them having made "statements".

162.   Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 160 with reference to allegations regarding them having made "statements".

163.   Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

164.   Denied. It is specifically denied that any of the Answering Defendants tortuously interfered with MRG's Independent Contractor Agreements with the sales force. By way of

further response, the averments in this paragraph are conclusions of law to which no response is required.

165.   Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

166.   Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

167.   Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

168.   Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any tortious acts have been committed.

## TWELFTH CAUSE OF ACTION (Tortious
### Interference with Business Relations)

169. Denied. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 168 of its Answer with Affirmative Defenses and Crossclaims.

170. Denied. It is specifically denied that Defendants Holly Weaver ever conducted a telephone conference with TZAM executives. It is admitted that Ed Weaver has spoken on the phone with various TZAM executives. It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiffs were illegal under applicable Federal and State law, that Mr. Stout was a fraud and a liar, that TZAM should breach its contracts with MRG, stop making commission payments to MRG and start working for the defendants instead.

171. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 170 with reference to allegations regarding them having made "statements".

172. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 170 with reference to allegations regarding them having made "statements".

173. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

174. Denied. It is specifically denied that any of the Answering Defendants tortuously interfered with MRG's Independent Contractor Agreements with the sales force. By way of

further response, the averments in this paragraph are conclusions of law to which no response is required.

175.   Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied the Answering Defendants engaged in any liability producing conduct.

176.   Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

177.   Denied.   It is denied that the Plaintiffs are entitled to any damages from Answering Defendants.   By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.   With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

178.   Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature.   It is denied that any tortious interference occurred.

### THIRTEENTH CAUSE OF ACTION
**(Tortious Interference with Business Relations)**

179. Denied. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraphs 1 through 178 of its Answer with Affirmative Defenses and Crossclaims.

180. Denied. It is specifically denied that Holly Weaver ever made any telephone conference calls with MRG's sales force. It is admitted that George Weaver participated in two telephone conferences with various independent contractors. It is specifically denied that during those conversations Mr. Weaver ever represented that Mr. Stout "was a fraud and a liar". It is specifically denied that Mr. Weaver ever indicated that "the actions of the Plaintiff were illegal under applicable Federal and State law". It is specifically denied that Mr. Weaver ever indicated that "the Independent Contractors should breach their contracts with MRG, stop working for MRG and start working for the defendants instead". It is admitted that during the course of these telephone conferences Mr. Weaver identified to the Independent Contractors the information he had obtained from a review of public record documents from the Secretary of State of Nevada, Delaware and Pennsylvania. By way of further response, certain information contained in this paragraph constitute conclusions of law to which no response is required.

181. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 180 with reference to allegations regarding them having made "statements".

182. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. Answering Defendants incorporate herein by reference as though fully set forth at length the averments contained in paragraph 180 with reference to allegations regarding them having made "statements".

183. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, it is specifically denied that the Defendants' actions were wrongful, tortious and/or unjustified.

184. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is denied that the Answering Defendants' actions were intentional or motivated by malice.

185. Denied. Certain averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is denied that the Answering Defendants' tortuously interfered with business relationships between Plaintiffs and independent contractors. With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the same. Strict proof, if relevant, is demanded at trial.

186. Denied. After reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial. By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required.

187. Denied. It is denied that the Plaintiffs are entitled to any damages from Answering Defendants. By way of further response, certain averments contained in this paragraph are conclusions of law to which no response is required. With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

188. Denied. It is denied that the Plaintiffs are entitled to any damages from Answering Defendants. By way of further response, certain averments contained in this

paragraph are conclusions of law to which no response is required. With respect to any remaining factual averments, after reasonable investigation, Answering Defendants are without information sufficient with which to admit or deny the veracity of the averments in this paragraph. Strict proof, if relevant, is demanded at trial.

189. Denied. The averments contained in this paragraph are conclusions of law to which no response is required. To the extent deemed factual, it is specifically denied that there are any improper activities of an ongoing nature. It is denied that any tortious interference occurred.

WHEREFORE, the Answering Defendants pray that the claims of the Plaintiffs be dismissed and that an award be entered in favor of the Defendants together with attorney's fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' claims are barred by the Doctrine of Laches.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred by Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are precluded by failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are precluded by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred by the Statute of Frauds.

## NINTH AFFIRMATIVE DEFENSE

9. The alleged damages to Plaintiffs, if true, were caused solely by third parties not under the control of Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

10. The alleged damages to Plaintiffs, if true, were not caused by any action or inaction of Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' claims are precluded based upon the lack of contractual privity between the parties.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs' claims may be barred or limited by the terms and conditions of a Contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claims may be bared or limited by its own fraudulent conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claims may be barred by the Doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' claims may be barred by Fraud Ab Initio.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Answering Defendants reserve the right to amend this Answer and to assert any and all other affirmative defenses that are available to it at this time or in the future.

## CROSSCLAIMS OF GRHW, LLC, AGAINST CO-DEFENDANTS
### COUNT ONE (Indemnification and/or Contribution)

1. GRHW, LLC hereby incorporates by reference the preceding paragraphs as if set forth fully at length herein.

2. To the extent that GRHW, LLC is found liable to the Plaintiffs, said liability being expressly denied, GRHW, LLC asserts that Co-Defendants are solely liable on the Plaintiffs' claims.

3. To the extent that GRHW, LLC are found liable to Plaintiffs, said liability being expressly denied, GRHW, LLC asserts that Co-Defendants are liable over to GRHW, LLC on the Plaintiffs' claims, based upon the theories of indemnification and/or contribution.

4. To the extent that GRHW, LLC are found liable to the Plaintiffs, said liability being expressly denied, GRHW, LLC asserts that Co-Defendants are jointly and/or severally liable on Plaintiffs' claims, based upon the theories of indemnification and/or contribution.

WHEREFORE, Answering Defendant GRHW, LLC respectfully requests this Honorable Court enter Judgment in its favor and against Co-Defendants, together with interest, penalties, attorney's fees, costs, and all other relief that the Court deems just and reasonable.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg

Matthew B. Weisberg, Esquire
Attorneys for Defendant